United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 21, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41339
Conference Calendar

ARTURO DELGADILLO,

Plaintiff-Appellant,

versus

TEXAS VIOLENT GANG TASK FORCE; TEXAS INTELLIGENCE
MONITORING; TEXAS BOARD OF PARDONS AND PAROLES;
DOUG DRETKE, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION; UNKNOWN PARTIES,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:04-CV-338
--------------------

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Arturo Delgadillo, Texas prisoner # 373936, appeals the

district court's dismissal of his 42 U.S.C. § 1983 complaint as

frivolous. Delgadillo's claims that he is being harmed by

electroconvulsive treatments, laser rays, and other forms of

radiation through computer monitoring as part of the Gang

Renouncement and Disassociation (GRAD) Process are frivolous; the

district court was not required to accept Delgadillo's fanciful

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

claims as true.  See Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).  His claim that the parole denial notice given to him violates his constitutional rights is based on conclusory allegations and fails to allege a meritorious constitutional claim.  See Johnson v. Rodriquez, 110 F.3d 299, 307-08 (5th Cir. 1997).

As Delgadillo's appeal is without any arguable merit, we DISMISS it as frivolous.  See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.  We caution Delgadillo that the dismissal by the district court and the dismissal of this appeal as frivolous each counts as a strike under 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996). If Delgadillo accumulates three strikes under 28 U.S.C. § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.